

# THE ATTORNEY GENERAL
# OF TEXAS

October 9, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Barry L. Macha　　　　Opinion No.　JM-557
Criminal District Attorney
Wichita County Courthouse　　　　Re:　Whether a private check collec-
Wichita Falls, Texas　　763(1　　tion agency may charge the drawer for
　　　　　　　　　　　　　　　the holder's consequential damages in
　　　　　　　　　　　　　　　addition to the face value of the
　　　　　　　　　　　　　　　check and the maximum processing fee

Dear Mr. Macha:

You have requested our opinion regarding certain fees which may be charged by a private collection agent for the holder of a dishonored check. Article 9022, V.T.C.S., provides:

> (a) The holder of a check or its assignee, agent, representative, or any other person retained by the holder to seek collection of the face value of the dishonored check on the return of the check to the holder following its dishonor by a payor _may charge the drawer or endorser a reasonable fee, which shall not exceed $15_.

> (b) Nothing herein shall be construed as affecting any right or remedy to which the holder of the check may be entitled under any rule, regulation, written contract, judicial decision, or other statute. (Emphasis added).

You ask whether this statute provides a private collection agent with the authority to charge the drawer for a holder of a dishonored check consequential damages (separate bank charge for dishonor fee) in addition to the face value of the check and the $15.00 maximum processing fee. We conclude that it does not.

When it is necessary to ascertain the true meaning of a statute, it is permissible to consider the state of the law at the time of its enactment, the conditions designed to be dealt with, the good intended to be accomplished, and the mischief sought to be prevented or remedied. See Lawson v. Baker, 220 S.W. 260 (Tex. Civ. App. - Austin 1920, writ ref'd); see also 53 Tex. Jur. 2d Statutes §162, at 236 (1964). Article 9022 was enacted by the Sixty-eighth Legislature in 1983 to permit retailers to charge a processing fee, not to exceed $15.00, for returned checks. Acts 1983, 68th Leg., ch. 617, §1, at 3873, eff. Aug. 29, 1983; see also Bill Analysis to H.B. No. 921,

p. 2477

prepared for House Committee on Business and Commerce, filed in Bill File to H.B. No. 921, Legislative Reference Library.  Prior to the enactment of article 9022, a retailer, in order to recoup or off-set the cost of processing a dishonored check, had to prove that the customer, or drawer of a check, contracted to pay a stipulated flat fee if the check was dishonored.  Id.  Article 9022 eliminated this difficult procedure.

It is clear from the expressed language of section (a) that a collection "agent" of a holder of a dishonored check may "seek collection of the face value" of the dishonored check and charge a processing fee of $15.00.  V.T.C.S. art. 9022(a).  See also Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927) (unambiguous statutes are construed to give effect to its terms).  Accordingly, section (a) of article 9022 specifically authorizes a collection agent of a holder of a dishonored check to collect the face amount of the check plus a processing fee not to exceed $15.00.  See Attorney General Opinion JM-472 (1986).

Section (a) of article 9022 does not authorize any fee in excess of the $15.00 regardless of the total cost of collecting the face value of a dishonored check.  As indicated above, the legislative purpose for allowing the fee was to insure that the agent of the holder may collect a "reasonable" fee from the drawer or endorser without the necessity of proving that a contract for a flat fee existed.  Bill Analysis to H.B. No. 921, prepared for House Committee on Business and Commerce, filed in Bill File to H.B. No. 921, Legislative Reference Library.  Accordingly, the fee was only intended to off-set the administrative cost and expense of processing a dishonored check and not as a compensation for damages.  The statute does not preclude recovery for consequential damages for breach of the payor's contractual obligations.  See V.T.C.S. art. 9022(b); see also Bus. & Comm. Code §3.802(a)(2) (an action may be maintained on either the instrument or the obligation).

## S U M M A R Y

Section (a) of article 9022, V.T.C.S., authorizes a collection agent of a holder of a dishonored check to collect the face amount of the check plus a processing fee not to exceed $15.00.  However, the provision does not authorize a collection agent to charge an amount to compensate for consequential damages resulting from the collection of a dishonored check.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General